UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF NEW YORK

_____

RONALD BRACE,                                                    )
                                                                 )
                          Plaintiff,                             )      **COMPLAINT**
                                                                 )      **JURY TRIAL DEMANDED**
-against-                                                        )      **CIVIL ACTION No. :**
                                                                 )      Case No.: 1:22-CV-0569 (DNH/DJS)
T.L.CANNON COMPANIES A/K/A APPLE BEES RESTAURANT.                )
                                                                 )
And  DON KEELER, and PATRICK McCABE, and BRAD MASON              )
                                                                 )
 INDIVIDUALLY,                                                   )
                                                                 )
And as Employees of                                              )
                                                                 )
T.L.CANNON COMPANIES A/K/A APPLE BEES .,                         )
                                                                 )
                                                                 )
                          Defendants.                            )

_____

Plaintiff, RONALD BRACE, by and through his attorney, Ryanne Konan, hereby affirms to the best of his

knowledge, under the pains and penalties of perjury, as and for his Complaint in this action against the

T.L.CANNON COMPANIES.A/K/A APPLE BEES RESTAURANT, and DON KEELER, and PATRICK

McCABE, and BRAD MASON  as follows:

## NATURE OF CLAIMS

1.   Plaintiff in the above captioned matter was a victim of Racial Discrimination, Retaliation and hostile

environment when his  prior employer, T.L. CANNON COMPANIES AKA APPLE BEES

RESTAURANT (the restaurant  hereinafter) through Don Keeler (Kitchen Manager) and Patrick

McCabe (Kitchen Manager), and Brad Mason (General Manager), discriminated  against Plaintiff's by

giving him less pay than his  Caucasian counterparts employees thereby causing Plaintiff to resign his

1

position  employment on January 24,  2021. Plaintiff was retaliated against when he applied for unemployment.

2.  Accordingly, this action is brought to remedy a violation of Plaintiff's rights actionable under 42 U.S.C. §§ 1981, Executive Law §§ 292(1)(5), and New York State Human Right Law.

## JURISDICTION AND VENUE

3.  This action arises from the discriminatory termination actionable under 42 U.S.C. § § 1981.

4.  This Court has jurisdiction over this matter pursuant to 28 USC §§§ 1331, 1343(a)(3) and (4), and 1367(a).

5.  Venue is proper in this district pursuant to 28 U.S.C § 1391(b)(2) because a substantial part of the events or omissions giving rise to this action occurred in this district.

## PARTIES

6.  Ronald Brace is a citizen of United States, and an African American.

7.  Defendant, the Restaurant is a New York  Restaurant -based services company. The Restaurant is headquartered at 555 Troy Schenectady Rd, Latham, New York 12110.

8.  Defendant  Don Keeler was a kitchen manager at the Restaurant at the time of the incident and upon information and belief, a citizen of New York, a Caucasian male. Defendant Don Keeler, had and still has an office at 555 Troy Schenectady Rd, Latham, New York 12110.   Manager Don Keeler has the power, and authority to hire, and to terminate employment and also to give a raise to an employee.

9. Defendant Patrick McCabe  was  a kitchen manager at the restaurant at the time of the incident and upon information and belief, a citizen of New York, and a Caucasian male. Defendant  Patrick McCabe, had and still has an office at 555 Troy Schenectady Rd, Latham, New York 12110. Manager Patrick McCabe has the power, and authority to hire, and to terminate employment and also to give a raise to an employee

10. Defendant  Brad Mason is the general manager  at the Restaurant at the time of the incident and upon information and belief, a citizen of New York, and a Caucasian male. Defendant  Brad Mason had and still has an office at 555 Troy Schenectady Rd, Latham, New York 12110. Manager Brad Mason has the power, and authority to hire, and to terminate employment and also to give a raise to an employee

## **FACTUAL ALLEGATIONS**

11. Plaintiff is an African American employed by Defendants as a line cook.

12. Plaintiff, at his initial interview with Defendant Don Keeler, asked for eighteen dollars ($18.00) per hour, Defendant countered with sixteen dollars ($16.00) per hour with the promise of a raise once kitchen cross-training was complete.

13. Plaintiff's duties and responsibilities included line cook ,and as additional duties Defendants added, dishwasher and fry station and broil station in the kitchen. Four months after being hired, Plaintiff requested a raise from Defendants due to cross-training being completed and due to the additional duties being added to Plaintiff's responsibility, however, Defendants responded that the raise would be looked into.

14. Plaintiff's  duties were expanded again to include training new cooks and managers in training in the "mid-station". Plaintiff also self-taught himself to receive incoming inventory.

15. Plaintiff did not receive a raise.

16. Plaintiff spoke with another employee of Defendant "Zeb Gaston" who is African American. Mr. Gaston reports he too was promised a raise in exchange for taking on more responsibility. Mr. Gaston never received a raise.

17. Plaintiff referred Sherrie Cummines who is Caucasian to the Restaurant for employment as a Dishwasher in October, 2020. Plaintiff trained Sherrie Cummines as a dishwasher. Though Plaintiff and Mr. Gaston have rigorous, lengthy experience with Defendants, neither Plaintiff nor Mr. Gaston were given raises while Sherrie Cummines, a Caucasian woman was within three months given a new position at the fry station and a corresponding raise. Sherrie Cummines was given a second position a prep worker and again given a corresponding second raise. Every time would be moved back to her prior position, her pay remained constant, and never changed.

18. Plaintiff approached Defendants on numerous occasions regarding Defendants' unfair practices and was given no satisfaction.

19. Plaintiff was forced to resign on January 24, 2021 and applied for unemployment.

20. Defendant sent slanderous, defamatory statements denying Plaintiff worked in all capacities under Defendants' employment to New York State Unemployment Office on February 15, 2021 to ensure that benefits would not be paid to Defendant.

21. Plaintiff was denied unemployment benefits on February 18, 2021 as result of Defendants' retaliatory tactics.

22. Plaintiff was granted a hearing before an administrative law judge wherein Plaintiff submitted documentation regarding Plaintiff's schedules as well as text messages wherein Defendants were requesting Plaintiff to  perform work outside the scope from which Plaintiff was hired.

23. Plaintiff appealed and won a decision on March 14, 2021 in front of the Administrative Law Judge and Plaintiff unemployment benefits were restored.


## FOR THE FIRST CAUSE OF ACTION FOR WAGE DISCRIMINATION BASE ON RACE
(Against  all Defendants)


24. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in paragraphs 1-23 of this Complaint with the same force and effect as if fully set forth herein.


25. By its acts and practices described above, managing agents of Defendant Employer in regard to terminating Plaintiff's employment, caused Plaintiff to suffer severe mental anguish and emotional distress, including tenseness, nervousness, severe anxiety and the loss of self-esteem, personal dignity and career fulfillment. Plaintiff has thus been inhibited from enjoying life and was forced to undergo emotional injury that he will experience for the rest of his life. Plaintiff continues to suffer loss of earnings, career fulfillment and personal dignity, as well as emotional distress.  Defendants deprived Plaintiff of the rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. §§1981 , including, without limitation, rights guaranteed by  the United States Constitution, by, *inter alia* : racial discrimination,  thereby causing Plaintiff serious emotional harm, humiliation, loss of opportunity of employment, career, and education opportunity, loss of wage, and legal expenses.


26. That Plaintiff, in early January 24, 2021, Defendants constructively terminated Plaintiff's employment by refusing to provide a raise while a Caucasian woman that her referred to the Restaurant, received a raised twice, even though  Plaintiff was highly qualified for the position, and

multiple tasks under his responsibilities.  This termination, and denial of raise was motivated by Plaintiff's race. Defendants created a hostile work environment.

27. That Plaintiff is African American, U.S. Citizen.

28. That Plaintiff is a member of the protected class.

29. That Plaintiff was hired by Defendant employer since July 2020.

30. That Plaintiff had an unblemished record, and his performances met the employer's expectations. During his tenure with Defendant Employer, Plaintiff's work performance was satisfactory at all times and at no time prior to the termination,  was Plaintiff warned that his employment was in danger of being terminated for poor work performance or for any other reason.

31. That  while employed by the Restaurant, Plaintiff  referred Sherry Cummines,  Caucasian woman, that he trained, and who was now working at the fry station, same as Plaintiff.

32. That although Sherry Cummines had similar qualifications as Plaintiff, but less experience, Sherry Cummines received a raise twice while Plaintiff did not get a raise although Plaintiff had asked for a raise.

33. That t Caucasian woman did not have as much experience as Plaintiff did.

34. That Plaintiff's race was unique motivating factor in the decision of Defendant employer's management to deny a raise to Plaintiff.

35. That Plaintiff was a member of the class protected under the U.S. Constitution.

36. That Plaintiff was denied a raise because he was Black.

37. That Plaintiff's employment was terminated because Defendants denied him raise based upon the color of his skin.

38. That Plaintiff completed more tasks than the Caucasian co-worker.

39. That  Caucasian co-worker received a raise twice while Plaintiff was not afforded any raise.

40. That managers Keeler, McCabe and Mason acted within the scope of their employment.

41.  That the Defendants deprived Plaintiff of the constitutional rights secured by 42 U.S.C. §1981, and took numerous overt steps in furtherance of such deprivation by terminating Plaintiff's employment based upon the color of his skin.

42.  Defendants acted with a knowing, willful, wanton, grossly reckless, unlawful, unreasonable, unconscionable, and flagrant disregard for Plaintiff's rights, privileges, welfare, and well-being, and are liable of egregious and gross misconduct towards Plaintiff.

43.  As a direct and proximate result of Defendants' actions, Plaintiff has suffered severe damages including but not limited to loss earning and benefits, emotional distress, interest on unpaid earning and benefits, costs and legal fees.

44.  As a direct and proximate result of the misconduct detailed above, Plaintiff sustained the damages

alleged in this Complaint.

**WHEREFORE** , Plaintiff , Ronald Brace seeks judgment against Defendant Employer in the

amount of  One Million ($1,000,000) Dollars compensatory and punitive damages, plus attorney

fees and costs.


### FOR THE SECOND CAUSE OF ACTION FOR WAGE DISCRIMINATION BASED ON RACE UNDER NEW YORK LAW
New York Executive Law
(Against All Defendants )


45. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in paragraphs 24-44

of this Complaint with the same force and effect as if fully set forth herein.


46.  That including the years 2018 through 2022, Defendant employer employed more than four

employees and constituted an employer within the meaning of Executive Law §§ 292(1) and (5).


47. That Plaintiff was informed by Defendants that he was not getting a raise, even though  Plaintiff was

highly qualified for the position, and a Caucasian woman that he trained had got a raise twice. Upon

information and belief, the denial of the raised was motivated by Plaintiff's race.


48. That Plaintiff is African American.

49. That Plaintiff was hired by Defendant employer since July 22, 2020, and Defendants were happy with Plaintiff's performances during the period of his employment, and even expanded Plaintiff's responsibilities.

50. That Plaintiff had an unblemished record, and his performances met the employer's expectations. During his tenure with Defendant Employer, Plaintiff's work performance was satisfactory at all times and at no time prior to the termination, was Plaintiff warned that his employment was in danger of being terminated for poor work performance or for any other reason.

51. That Plaintiff's race was the motivating factor in the decision of Defendant employer's management to deny Plaintiff's a raise when Caucasian coworkers with similar duties were getting raises.

52. That by reason of the above, Defendant Employer is liable to unlawfully discrimination against Plaintiff because of his race, in violation of Executive Law §§ 296 and 297.

53. That employees manager Steeler, McCabe and Mason had and still have authority to hire and fire employees, and to grant raises.

54. That Don Steeler, Patrick McCabe and Brad Mason were Plaintiff's supervisor and managers.

55. That Defendant employees Don Steeler, Patrick McCabe and Brad Mason denied a raise to Plaintiff because of his race.

56. That Don Steeler, Patrick McCabe and Brad Mason aided and abetted their employer Restaurant to deny a raise to Plaintiff and constructively terminate Plaintiff's employment.

57. That Don Steeler, Patrick McCabe and Brad Mason gave a raise to a Caucasian co-worker .

58. That Defendants acted with a knowing, willful, wanton, grossly reckless, unlawful, unreasonable, unconscionable, and flagrant disregard for Plaintiff's rights, privileges, welfare, and well-being, and are liable of egregious and gross misconduct towards Plaintiff.

59. As a direct and proximate result of the misconduct detailed above, Plaintiff sustained the damages alleged in this Complaint.

   **WHEREFORE** , Plaintiff , Ronald Brace seeks judgment against Defendant Employer in the amount of  One Million ($1,000,000) Dollars compensatory and punitive damages, plus attorney fees and costs.

### AS AND FOR A THIRD CAUSE OF ACTION BASED ON HOSTILE WORK ENVIRONMENT UNDER TITLE VII, 42 U.S.C 2000e and NYSHRL, NY EXECUTIVE LAW  290-301

60. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in paragraphs 45 through 59 of this Complaint with the same force and effect as if fully set forth herein.

61. That  Defendant hired Plaintiff as a line cook since July 2020  as a full-time employee.

62. That the Restaurant employer, through its managers ,Don Steeler, Patrick McCabe and Brad Mason gave twice a raise to a Caucasian woman referred by Plaintiff, and that did not have as much of experience as Plaintiff.

63. That Plaintiff reported to the managers, Don Steeler, Patrick McCabe and Brad Mason that it was against their own policies, and was discriminatory to deny him a raise and grant a raise to a Caucasian woman with less experience.

64. That at all times hereinafter mentioned, Plaintiff info managers and the Restaurant employer, Don Steeler, Patrick McCabe and Brad Mason, made comments that could be inferred from their desire to not give a raise to black men; and black men did not deserve a raise.

65. That for the managers, black men did not deserve a raise, only Caucasian workers deserved a raise.

66. That  Restaurant Employer was aware  all comments made, and behaviors of the supervisors . The Restaurant Employer did not take any action, and Plaintiff was constructively terminated.

67. That the above-described conduct of the supervisors was offensive to Plaintiff.

68. That the comments, conducts and behavior of the Supervisor and the Director, had the sole purpose to intimidate Plaintiff because Plaintiff was black, and was asking a raise that he deserved.

69. That the comments, conducts and behavior of the supervisors were ridicule, and insults that caused Plaintiff to be uncomfortable and intimidated.

70. That the Restaurant Employer, through its employees, Don Steeler, Patrick McCabe and Brad Mason, allowed the work environment to be subject of the offensive, degrading, humiliating comments, conducts and behavior of the supervisors.

71. That Defendant, Restaurant Employer,  was an accomplice of the offensive comments, conducts and behavior of the managers Don Steeler, Patrick McCabe and Brad Mason by allowing it to continue although made aware.

72. That Defendant Restaurant by its omission, rendered the work environment hostile to Plaintiff.

73. By the reason of the foregoing Plaintiff has suffered severe damages including but not limited to loss earning and benefits, emotional distress, interest on unpaid earning and benefits, costs and legal fees.

74. That Plaintiff seeks all lawful remedies under the applicable statutes, including but not limited to back pay, front pay, compensatory damages, punitive damages, attorneys' fees, administrative costs, and all other relief that this Court deems just and proper.

**WHEREFORE** , Plaintiff , Ronald Brace seeks judgment against Defendant Employer in the amount of  One Million ($1,000,000) Dollars compensatory and punitive damages, plus attorney fees and costs.

## AS AND FOR A FOURTH CAUSE OF ACTION BASED RETALIATION UNDER TITLE VII AND NEW YORK LAW

75. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in paragraphs 60 through 74 of this Complaint with the same force and effect as if fully set forth herein.

76. That upon information and belief, Defendant hired Plaintiff as a line cook on July 22, 2020  as a full-time employee.

77. That  Plaintiff was constructively terminated because of the hostile environment.

78. That on January 24, 2021,  Plaintiff  filed for unemployment with the New York Labor Department.

79. That Defendant employer through its managers Brad Mason and Patrick McCabe made berated comments about Plaintiff's performance at work. Defendants misrepresented to the labor department that Plaintiff was a bad worker, and did not do any other duties except for the mid cook position. As a result of their comments and statements to the labor department, Plaintiff was denied unemployment benefits.

80. That Plaintiff appealed the decision, and provided documents to prove the employer wrong. Defendants never appear at the hearing.

81. That Plaintiff's unemployment benefits were restored.

82. That  the offensive degrading, humiliating comments, conducts and behavior to Defendants were to retaliate against Plaintiff for denouncing their discriminatory action at the restaurant against black workers.

83. That Plaintiff was constructively terminated as a result of his complaint against the supervisors for their discriminatory acts.

84. That Plaintiff was terminated because he reported the conduct of the managers and the Restaurant Employer.

85. By the reason of the foregoing Plaintiff has suffered severe damages including but not limited to loss earning and benefits, emotional distress, interest on unpaid earning and benefits, costs and legal fees.

86. That Plaintiff seeks all lawful remedies under the applicable statutes, including but not limited to

back pay, front pay, compensatory damages, punitive damages, attorneys' fees, administrative costs,

and all other relief that this Court deems just and proper.


 **WHEREFORE** , Plaintiff , Ronald Brace seeks judgment against Defendant Employer in the

amount of  One Million ($1,000,000) Dollars compensatory and punitive damages, plus attorney fees

and costs.



### JURY TRIAL DEMAND

A jury trial is hereby demanded on all issues.



Dated:  At Wappingers Falls, New York
         May 30 , 2022

                                                   By:   /s/ryannekonan

                                                        Ryanne Konan, Esq.
                                                        4 Marshall Road, Suite 248
                                                        Wappingers Falls, NY 12590
                                                        Tel: (845) 309-3432
                                                        Fax: (845) 231-0508
                                                        RK2889